UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Qun Feng Chang, individually and on behalf all other
employees similarly situated,

Plaintiff,

- against -

SFS Depot Inc., Jing Mei Design Group Inc., Long G. Lin,
Long Quan Lin, "John" (First Name Unknown) Lin

Defendants.

Case No.

**COLLECTIVE ACTION
COMPLAINT**

Plaintiff Qun Feng Chang ("Plaintiff") on his own behalf and on behalf of all others

similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby

files this complaint against the Defendants SFS Depot Inc., Jing Mei Design Group Inc., Long G.

Lin, Long Quan Lin, "John" (First Name Unknown) Lin (collectively "Defendants"), alleges and

shows the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly

situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful

employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally

committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice

of failing to pay his employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from  the  Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or  more  hours,  (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) unlawful deductions of wages; (6) liquidated damages equal to the sum of unpaid minimum wage and overtime compensation, unpaid "spread of hours" premium,  unlawful  deductions, failure to provide wage notice at the time of hiring and failure to provide paystubs pursuant  to  the  NY  Wage  Theft Prevention  Act;  (7) prejudgment and post-judgment interest; and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under  29 U.S.C.  §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.     Plaintiff Qun Feng Chang is a resident of Queens and was employed as a construction worker by Defendant SFS Depot Inc., with its principal place of business at 131-10 Maple Avenue, Flushing, New York, 11355. and Jing Mei Design Group Inc., with its principal place of business at 131-10 Maple Avenue, Flushing, New York, 11355

## DEFENDANTS

8.     Upon information and belief, Defendant SFS Depot Inc. is an interior construction company with its principal place of business at 131-10 Maple Avenue, Flushing, New York, 11355; and Defendant Jing Mei Design Group Inc. at 131-10 Maple Avenue, Flushing, New York, 11355.

9.     Upon information and belief, both Defendant SFS Depot Inc. and Defendant Jing Mei Design Group Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, both Defendants purchased and handled goods moved in interstate commerce.

10.     Upon information and belief, Defendant Long Quan Lin is the owner, officer, director and/or managing agent of Defendants SFS Depot Inc. and Defendant Jing Mei Design Group Inc. and participated in the day-to-day operations of them and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Defendant SFS Depot Inc. and Defendant Jing Mei Design Group Inc.

11.     Upon information and belief, Defendant Long Quan Lin owns the stock of Defendant SFS Depot Inc. and Defendant Jing Mei Design Group Inc.. and manages and makes

all business decisions including but not limited to the amount in salary the employee will receive and the number of hours' employees will work. (See Exhibit 2).

12. Upon information and belief, Defendant Long G. Lin is the owner, officer, director and/or managing agent of Defendants SFS Depot Inc. and Defendant Jing Mei Design Group Inc. and participated in the day-to-day operations of them and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Defendant SFS Depot Inc. and Defendant Jing Mei Design Group Inc.

13. Upon information and belief, Defendant Long G. Lin owns the stock of Defendant SFS Depot Inc. and Defendant Jing Mei Design Group Inc.. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours' employees will work. (See Exhibit 2).

14. Upon information and belief, Defendant John" Lin is the owner, officer, director and/or managing agent of Defendants SFS Depot Inc. and Defendant Jing Mei Design Group Inc. and participated in the day-to-day operations of them and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Defendant SFS Depot Inc. and Defendant Jing Mei Design Group Inc.

15. Upon information and belief, Defendant "John" Lin owns the stock of Defendant SFS Depot Inc. and Defendant Jing Mei Design Group Inc.. and manages and makes all business

decisions including but not limited to the amount in salary the employee will receive and the number of hours' employees will work. (See Exhibit 2).

16.     At all times, relevant herein, both SFS Depot Inc. and Defendant Jing Mei Design Group Inc. were, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

17.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by SFS Depot Inc. and Jing Mei Design Group Inc.

## STATEMENT OF FACTS

18.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

19.     Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, unlawful deduction of wages, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

20.     From October 1, 2011 to November 9, 2016, Plaintiff Qun Feng Chang was hired by Defendants to work as a construction worker for Defendants.

21.     Plaintiff worked six days per week, and took a day off on Sunday. From November to March each year, Plaintiff worked from 7:30 a.m. to 5:30 pm; from April to October each year, Plaintiff worked from 8:00 a.m. to 6:00 p.m.; Plaintiff had a 30-minute lunch break every day. Plaintiff worked for (57) hours in total every week.

22.     From October 1, 2011 to March 31, 2012, Plaintiff was paid $125 per day; from April 1, 2012 to April 30, 2013, Plaintiff was paid $130 per day; from May 1, 2013 to October

30, 2014, Plaintiff was paid $135 per day; from November 1, 2014 to November 9, 2016, Plaintiff was paid $140 per day. Defendants paid Plaintiff both in cash and check.

23.     Plaintiff was not required to record their hours worked.

24.     Defendants did not compensate Plaintiff minimum wage or overtime compensation according to state and federal laws.

25.     Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

26.     Defendants did not provide Plaintiff with a wage notices at the time of his hiring.

27.     The applicable minimum wage for the period of December 31, 2014 to December 20, 2015 is $8.75 per hour.

28.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

29.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

30.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

31.     Plaintiff and the FLSA Collective Action members' workdays frequently lasted longer than 10 hours.

32.     Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

33.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

34.     Defendants did not provide Plaintiff and other Collective Action members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective members' pay increase(s).

## **COLLECTIVE ACTION ALLEGATIONS**

35.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

36.     Defendants knowingly and willfully operated his business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

38.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of his three restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and

plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

39.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than seven (7) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of his claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

40.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

41.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede his ability to protect his interests.

42.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

43.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members spread of hours' payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

44.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

45.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

46.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

48.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

49.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

50.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

51.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

52.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of his unpaid minimum compensation, and in an additional equal amount as liquidated damages.

53.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage]**

54.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

56.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

57.     Defendants knowingly and willfully violated Plaintiff's and Collective Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

58.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

60.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of his unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 USC §216(b).

61.     Defendants' failure to pay Plaintiff and the FLSA Collective his overtime pay violated the FLSA.

62.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours  per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

63.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

64.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate his exploitation of Plaintiff's and FLSA Collectives' labor.

65.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by his failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew

or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

68. Defendants' failure to pay Plaintiff and the FLSA Collective his overtime pay violated the NYLL.

69. Defendants' failure to pay Plaintiff and the FLSA Collective was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Unlawful Deductions]

70. Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

71. New York Labor Law 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

72. Defendants have willfully violated the NYLL and supporting New York State Department of Labor Regulations by knowingly and intentionally requiring Plaintiff to purchase construction materials to be used during the course of his employment.

73.     Through their knowing or intentional efforts to require Plaintiff to make payments by separate transaction, when such payments were not permitted as deductions under NYLL, Article 6 §193, Defendants have willfully violated NYLL, Article 6 §§190 et seq., and the supporting New York State Department of Labor Regulations. 133. As a result of Defendants' willful violations of the NYLL, Plaintiff are entitled to recover from Defendants payment by separate transaction for required work materials, reasonable attorneys' fees, liquidated damages and pre- and post-judgment interest.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

74.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.     The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

76.     Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

77.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

79.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

80.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff to get them with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VIII
### [Civil Damages for Deceptive Acts and Practices — Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]

81.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82.     NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

83.     Due to Defendants' violations of NY GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

84.     Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of shareholders and records of shareholders of the two Defendant Corporations to recover wages owed as employees of the corporation (See Exhibit 3).

## Prayer for Relief

WHEREFORE, Plaintiff, on behalf of themselves and the FLSA collective Plaintiff, respectfully requests that this court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Advanced Design management Corp its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set

forth herein;

f)      An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g)      An award of unpaid overtime wages due under FLSA and New York Labor Law;

h)      An award of unpaid "spread of hours" premium due under the New York Labor Law;

i)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

j)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

k)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York March 10, 2017          HANG & ASSOCIATES, PLLC.

                                                  */S/ JIAN HANG*
                                                  _____
                                                  Jian Hang, Esq.
                                                  136-18 39th Ave., Suite 1003
                                                  Flushing, New York 11354
                                                  Tel: 718.353.8588
                                                  jhang@hanglaw.com
                                                  *Attorneys for Plaintiff*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by SFS Depot Inc., Long G. Lin, Long Quan Lin, "John" Lin and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Qun feng chang_
Full Legal Name (Print)

_Qunfeng chang_
Signature

_2/24/2017_
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICESRENDERED**

TO:   LONG QUAN LIN, LONG G. LIN, and "JOHN LIN"

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Qun Feng Chang, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of SFS DEPOT INC. and JING MEI DESIGN GROUP INC. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.


Dated: March 10, 2017

# EXHIBIT 3

**DEMANDBY EMPLOYEES TOINSPECTSHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:   SFS DEPOT INC.
       131-10 Maple Avenue
       Flushing, New York, 11355

PLEASE TAKE NOTICE, that Qun Feng Chang and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: March 10, 2017

**DEMANDBY EMPLOYEES TOINSPECTSHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:   JING MEI DESIGN GROUP INC.
      131-10 Maple Avenue
      Flushing, New York, 11355

PLEASE TAKE NOTICE, that Qun Feng Chang and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: March 10, 2017